## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JAMES P. HUDSON,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **No. CIV 22-290-RAW-JAR** |
| | ) | |
| **KAMERON HARVANEK,** | ) | |
| | ) | |
| Respondent. | ) | |

## <u>OPINION AND ORDER</u>

Petitioner, a pro se prisoner, has filed a motion for summary judgment, alleging the Court incorrectly allowed Respondent to exceed the statutory time constraints for responding to this habeas petition (Dkt. 15). Petitioner also has filed a "Motion for Objection to Respondent's Response" (Dkt. 17), which the Court construes as a reply to Respondent's response to the summary judgment motion (Dkt. 16).

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P 56(a). In making that determination, a court "view[s] the evidence and draw[s] reasonable inferences therefrom in the light most favorable to the nonmoving party." *Salazar v. City of Commerce City,* 2013 WL 5303257 (10th Cir. 2013).

The record shows that on October 25, 2022, the Court entered an Order directing Respondent to show cause why the writ should not issue by filing within 30 days an answer to the petition, in accordance with Rule 5 of the Rules Governing Section 2254 Cases," or by filing a motion to dismiss under an applicable statute (Dkt. 5). On November 18, 2022, Respondent filed a motion requesting an additional 20 days from November 24, 2022, to file a pleading responsive to the

petition   (Dkt. 7).   That same day, the Court extended the Respondent's deadline 15 days to December 9, 2022 (Dkt. 8).

Petitioner contends the habeas response time is governed by 28 U.S.C. § 2243.  Section 2243 provides in pertinent part that "[t]he writ, or order to show cause shall be directed to the person having custody of the person detained.  It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."   28 U.S.C. § 2243.

The Court acknowledges the time constraints in § 2243, but notes that Rule 4 of the Rules Governing § 2254 Proceedings provides more flexibility.  Rule 4 states in relevant part that if a habeas petition is not dismissed upon preliminary review, "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."  Rule 4, Rules Governing § 2254 Proceedings.  "Where a Rule of Civil Procedure conflicts with a prior statute, the Rule prevails."  *Penfield Co. of Cal. v. SEC*, 330 U.S. 585, 589 n.5 (1947) (citations omitted).

In *Sharma v. Buffaloe*, No. 21-HC-2065-M, 2023 WL 29114 (E.D.N.C. Jan. 3, 2023) (unpublished), the United States District Court for the Eastern District of North Carolina addressed a similar situation to the one now before this Court.   There, the respondents filed a motion for extension of time, which was granted by the district court.  *Id*. at * 2.  The petitioner filed a motion to appeal the district court's decision granting the extension, and the court denied the motion.  *Id.* After the respondents timely filed a motion to dismiss the petition, the petitioner, much like Petitioner in this case, sought "reconsideration of the order granting an extension of time to answer on the basis that the extension falls outside the time proscribed under 28 U.S.C. § 2243."  *Id.*

The *Sharma* court found Section 2243 was inapplicable, because it had not yet issued the writ

or an order to show cause, and instead had directed the respondents "to file any responsive pleading pursuant to Rule 4 of the Rules Governing Section 2254 Cases." *Id*.  The court continued, finding in any event that "if a conflict between § 2243 and Rule 4 exists, Rule 4, adopted in 1976, would supersede § 2243, enacted in 1948." *Id*. (citing *France v. State*, No. 1:13CV250, 2014 WL 11997461, at *2 (M.D.N.C. Apr. 30, 2014) (finding Rule 4 superseded § 2243)), *aff'd*, 584 F. App'x 117 (4th Cir. 2014).

> Rule 4 provides courts greater flexibility in determining time allowed for responding to a habeas petition.  *See* Rules Governing § 2254 Proceedings, Rule 4, Advisory Committee's Note ("In the event an answer is ordered under rule 4, the court is accorded greater flexibility than under § 2243 in determining within what time period an answer must be made. . . .  In view of the widespread state of work overload in prosecutors' offices . . . additional time is granted in some jurisdictions as a matter of course.  Rule 4, which contains no fixed time requirement, gives the court the discretion to take into account various factors such as the respondent's workload and the availability of transcripts before determining a time within which an answer must be made.").  Accordingly, here, the court did not err in granting respondent's motion for extension of time merely because it was outside the time limits proscribed by § 2243.

*Sharma*, 2023 WL 29114 , at *2.

Although this Court ordered Respondent "to show cause why the writ should not issue" by filing an answer to the petition pursuant to Rule 5 or by filing a motion to dismiss, *see* Dkt. 5, Rule 4 still supersedes Section 2243.  *See Bradin v. Thomas*, Nos. 19-3093, 19-3190, 823 F. App'x 648, 656-57 (10th Cir. Aug. 13, 2020) (unpublished) (finding no abuse of discretion in the federal district court's ruling that "28 U.S.C. § 2243's time limit for filing an answer (three days plus a maximum extension of 20 days) is subordinate to Habeas Rule 4, which contains no fixed time requirement but instead gives district courts considerable discretion in setting deadlines for responses to habeas petitions").

After careful consideration of the pleadings and the above authority, the Court finds it acted within the discretion afforded it by Rule 4 of the Rules Governing Section 2254 Cases in granting Respondent a time extension to file a responsive pleading (Dkts. 7, 8).  Therefore, Petitioner's motion for summary judgment (Dkt. 15) is DENIED.

**ACCORDINGLY,**

1.      Petitioner's "Motion for Objection to Respondent's Response" (Dkt. 17) is construed as a reply to Respondent's response to the motion for summary judgment (Dkt. 16).

2.      Petitioner's motion for summary judgment (Dkt. 15) is DENIED

**IT IS SO ORDERED** this 28th day of August 2023.

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE

4