## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

JAMES P. HUDSON,          )
                                )
              Petitioner,   )
                                )
v.                        )        No. CIV 22-290-RAW-JAR
                                )
KAMERON HARVANEK,     )
                                )
              Respondent.   )

## OPINION AND ORDER

This matter is before the Court on Respondent's motion to dismiss Petitioner James P. Hudson's petition for a writ of habeas pursuant to 28 U.S.C. § 2254. (Dkt. 11). Petitioner is a pro se state prisoner who is incarcerated at Howard McLeod Correctional Center in Atoka, Oklahoma. He is challenging his conviction in Love County District Court Case No. CF-2016-252 for Assault and Battery with a Deadly Weapon. Respondent has filed a motion to dismiss, alleging the petition is barred by the statute of limitations, or in the alternative, Petitioner has failed to exhaust his state remedies. (Dkt. 11).

**Petitioner's Habeas Corpus Claims**

Petitioner raises the following grounds for habeas relief:

**Ground One:** Oklahoma Lacked Jurisdiction; and No Counsel. I have some Indian Blood according to the 10th Circuit Court's Two-Part Test. My alledged crime was one or more of the 18 U.S.C. § 1153 Major Crime Act. My alledged crime was within 18 U.S.C. § 1151's Indian Country. And my alledged crime was under Treaty Law of (1866). And I did not have a qualified, because of non-certified or trained in Federal Indian Law, counsel, Therefore as the U.S. S.Ct. precedents hold [NO] counsel at all!

(Dkt. 1 at 5) (spelling and syntax in original)[1].

---

[1] The Court's citations refer to this Court's CM/ECF header pagination.

**Ground Two:**  As the State Court did not use 18 USC §§ 1152, 1153 to establish Jurisdiction for the Indian defendant or victim, they would have committed "{Racial-Prejudicing}," thereby fulfilling the requirement for The Strickland v. Washington, --(1984), for The United States Supreme Court's "{Ineffective Assistance of Counsel,}" as well as the defense Attorney did not raise the issue as well, committing Ineffective Assistance of Counsel, violating Petitioner's 4th, 5th, 6th, 14th, Amendments rights to a Fair Trial.  . . .

*Id.* at 7 (spelling and syntax in original).

**Ground Three:**  State's Violation of United States Constitutional Amendment VI Right to Speedy Trial, by denial of "Federal Speedy Trial Act, 18 U.S.C.A. §§ 3161-74."  . . .

*Id*. at 8 (spelling and syntax in original).

**Statute of Limitations**

Respondent alleges Petitioner has failed to file this petition within the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1), therefore, the petition is time-barred.  (Dkt. 12 at 7).

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or

other collateral review with respect to the pertinent judgment or claim is pending
shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**Discussion**

The record shows that Petitioner was convicted upon his November 20, 2018, Judgment and

Sentence in Love County District Court Case No. CF-2016-252.  He was sentenced to twenty-five

years' imprisonment, with all except the first ten years suspended.  (Dkts. 12-1, 12-2, 12-3).

Petitioner's conviction became final ten days later on November 30, 2018.  *See* Rule 4.2, *Rules of*

*the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit. 22, § 1051.  Although

he filed a motion to withdraw plea of guilty on November 29, 2018, he appeared with counsel and

withdrew his plea on January 22, 2019.  (Dkts. 12-4, 12-5).

Pursuant to 28 U.S.C. § 2244(d)(1), Petitioner's statutory year began to run on December 1,

2018, and it expired on December 1, 2019.  *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th

Cir. 2011) (stating that the year begins to run the day after the judgment and sentence becomes final

and ends on the anniversary date).  This habeas petition was filed on October 11, 2022, almost three

years too late.

Under 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed

application for post-conviction relief or other collateral review of the judgment at issue is pending.

State procedural law determines whether an application for state post-conviction relief is "properly

filed."  *Garcia v. Shanks*, 351 F.3d 468, 471 (10th Cir. 2003).

On October 26, 2021, Petitioner filed through counsel an application for post-conviction

relief in Love County District Court.  (Dkt. 12-6).  The state district court denied the application on

3

December 7, 2021. (Dkt. 12-7).  On December 21, 2021, Petitioner filed through counsel a notice of post-conviction appeal in Love County District Court Case Nos. CF-2016-252 (the case at issue in this federal case) and CF-2016-256.  (Dkt. 12-8).  There is nothing in the record indicating that Petitioner did anything further to perfect a post-conviction appeal in this case.  *See* Oklahoma State Courts Network at https://www.oscn.[2]

Because Petitioner did not initiate his post-conviction proceedings before the limitation period expired, there is no statutory tolling under 28 U.S.C. § 2244(d)(2).  *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (noting that AEDPA's one-year period "is tolled or suspended during the pendency of a state application for post-conviction relief properly filed *during* the limitations period" (emphasis added)) (citing 28 U.S.C. § 2244(d)(2).

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). Generally, equitable tolling requires a litigant to establish two elements:  "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted).  Because Petitioner has made no allegations to support equitable tolling, it is not available.

Apparently relying on *McGirt v. Oklahoma*, 591 U.S. __, 140 S. Ct. 2452 (2020), Petitioner argues that the habeas petition is timely, because he or his alleged victim is an Indian, and the alleged crime occurred in Indian Country.  (Dkt. 1 at 11).  He ignores the ruling in *State ex rel. Matloff v. Wallace*, 497 P.3d 686, 689 (Okla. Crim. App. 2021), which held that "*McGirt* and our post-*McGirt*

---

[2] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net.  *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

decisions recognizing these reservations shall not apply retroactively to void a conviction that was final when *McGirt* was decided," *cert. denied sub nom.*, *Parish v. Oklahoma*, 142 S.Ct. 757 (2022). Further, Petitioner's response to Respondent's motion to dismiss does not discuss the timeliness of the petition.  (Dkt. 17).

After careful review, the Court finds that Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as barred by the statute of limitations (Dkt. 11) should be GRANTED. Because the petition is being dismissed as untimely, the Court does not reach Respondent's argument concerning Petitioner's alleged failure to exhaust his state remedies.

**Certificate of Appealability**

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  *See also* 28 U.S.C. § 2253(c).  Therefore, Petitioner is denied a certificate of appealability.  *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** Respondent's motion to dismiss Petitioner's habeas petition  (Dkt. 11) is GRANTED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 28th day of August 2023.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE